UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHONTA KELLY,

    Plaintiff,

v.

UNITED DAIRY & BAKERY WORKERS
LOCAL NO. 87 AFL-CIO, A MICHIGAN
LABOR UNION, ET. AL.,

    Defendants,
_____/

Case No. 16-10022

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [16]**

Plaintiff's complaint against her former employer, Pinnacle Foods, for breach of contract and unlawful discrimination under Michigan's Elliot Larson Civil Rights Act was removed to Federal Court on January 5, 2016. [1]. Plaintiff was granted leave on July 8, 2016 via a stipulated order to amend Count II of her Complaint for breach of contract against Pinnacle Foods. [8]. On July 19, 2016, Plaintiff filed her Amended Complaint [9], which without consent of the Court included a third count against a new defendant, United Dairy & Bakery Workers Local 87 AFLCIO ("Local 87"), for breach of duty of fair representation under § 301 of the Labor Management Relations Act ("§301").

On August 18, 2016, Defendant Local 87 filed a Motion to Dismiss [16]. Plaintiff filed a response on August 31, 2016 [17] and Defendant replied on

September 12, 2016 [18]. The Court finds the motion suitable for determination without a hearing, as provided by Local Rule 7.1(f)(2), with respect to Plaintiff's claim against Defendant Local 87.

For the reasons stated below, Defendant's Motion to Dismiss [16] is **GRANTED** and the claims against Defendant Local 87 is **DISMISSED with prejudice**.

### FACTUAL BACKGROUND[1]

Plaintiff worked for Pinnacle Foods from May 2013 until she was fired on June 15, 2015. On June 17, 2015, she filed a grievance with her union which simply stated, "Shonta Kelly Was UnJustly Terminated To Be Make Whole." [17, Ex. C] (*sic*). Plaintiff's grievance was returned to her that same day with instructions to cite a specific violation of the collective bargaining agreement. *Id.* Local 87 then investigated the reasons behind Plaintiff's termination, and pursued her grievance through an internal appeals process. Ultimately, Local 87 decided not to bring Plaintiff's grievance to arbitration and Defendant informed Plaintiff of its decision in a letter dated October 5, 2015. It is undisputed that Plaintiff's cause of action against Local 87 accrued on or around this date.

---

[1] Because Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), the Court sets forth Plaintiff's non-conclusory allegations as fact. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)

On November 23, 2015, Plaintiff filed a complaint in state court against her employer, Pinnacle Foods, for breach of contract and for unlawful discrimination under Michigan's Elliot Larson Civil Rights Act. Plaintiff's original Complaint did not name Local 87 as a defendant. In fact, she referenced the union only once:

> While on her way Ms. Kelly was met in a stairway by her supervisor, Cameron Levi. Mr. Levi told Ms. Kelly that she was terminated. Mr. Levi took the clients badge, provided her with no paperwork, and *prevented her from speaking to a Union Representative*.

[1 at ¶ 20] (emphasis added). She never referred to her union by name. She did not mention that she filed a grievance with her union contesting her termination, or that her union appealed and investigated her termination but ultimately declined to arbitrate on her behalf. These facts do not appear until Plaintiff's July 19, 2016 Amended Complaint.

## LEGAL STANDARD

"To survive a motion to dismiss, [plaintiffs] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court will "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 679; *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

## ANALYSIS

Plaintiff's claim against Local 87 stems from actions her union failed to take between July 15, 2015 (the date of her termination) and October 5, 2016 (when Local 87 declined to arbitrate Plaintiff's grievance against her employer). Under a six-month statute of limitations, she would have had until April 2016 to file suit against Local 87, making her July 19, 2016 Amended Complaint nearly four months late.

Defendant Local 87 moves to dismiss under FRCP 12(b)(6) on the grounds that her claim is time barred by the applicable statute of limitations. Plaintiff argues that her Amended Complaint relates back to her original Complaint for limitations purposes under FRCP 15(c). Plaintiff also argues that the six-month statute of limitations that the Supreme Court and Sixth Circuit have applied to similar § 301 claims should not apply here, because Plaintiff is an "unsophisticated" litigant.

### i.   STATUTE OF LIMITATIONS

§ 301 creates federal jurisdiction for employees to bring suits against labor organizations and employers for collective bargaining agreement violations. 29 U.S.C. § 185. This includes "hybrid § 301/fair representation" claims where the Plaintiff employee can bring suit against the employer for a breach of a collective bargaining agreement, and/or the union for a breach of the union's duty of fair

representation. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151,163-65 (1993). In this case, Plaintiff brings a §301 breach of fair representation against union defendant Local 87.

§ 301 does not provide for a statute of limitations. When federal statutes do not provide for a statute of limitations, courts have to "borrow" a limitations period from another source, preferably a state statute, which provides the "most closely analogous" cause of action. *Id* at 158. Courts may deviate from the rule favoring state statute of limitations "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *Id*, 462 U.S. at 172; *see also Cummings v. John Morrell & Co.*, 36 F.3d 499, 506 (1994).

In *DelCostello*, the Supreme Court decided, with regard to hybrid § 301/duty of fair representation claims, that the three-year state statutes of limitations for legal malpractice and breach of contract "would preclude the relatively rapid final resolution of labor disputes favored by federal law," while the available 30- and 90-day state limitations periods for vacating arbitration awards would not provide the "unsophisticated" claimant with enough time to file suit given the "practicalities of litigation" (such as the need to retain an attorney to investigate his claim). *Id* at 166-68. Finding that unfair labor practices claims were more closely

analogous to fair representation claims than any state-law alternative, *DelCostello* adopted the six month statute of limitations applied by Congress to § 10(b) of the National Labor Relations Act and applied it to hybrid § 301/fair representation claims, the exact type of claim currently before the Court. *Id* at 170-71.

The Court does not find merit in Plaintiff's argument that it would be unfair to expect her to comply with a six-month statute of limitations set by the Supreme Court in *DelCostello*. Plaintiff does not propose an alternative source for a statute of limitations nor does she identify a material distinction between the type of claim she brings here and the claim at issue in *DelCostello*, or any other § 301 claim to which the Supreme Court or Sixth Circuit have applied the § 10(b) statute of limitations. *See e.g. Cummings v. John Morrell & Co.*, 36 F.3d 499 (6th Cir. 1994) (applying the §10(b) statute of limitations to a §301 breach of a collective bargaining agreement claim), *Woosley v. Avco Corp.*, 944 F.2d 313 (6th Cir. 1991) (applying § 10(b) statute of limitations to § 301 breach of contract claims concerning entitlement to employment).

Plaintiff cites *DelCostello* and *Cummings* to support her argument that the six-month statute of limitations should not apply because she was an unsophisticated party. However, neither the Court in *Cummings* or *DelCostello* relies on the sophistication of the Plaintiff in their statute of limitations determinations. In *DelCostello*, the sophistication of the Plaintiff was only

mentioned in the denial of applying the brief New York State statute of limitations of 90 days and hds no bearing in the holding of the case; which as described above applied a six-month statute of limitations to a §301 fair representation claim, the exact statute of limitations that Plaintiff seeks to avoid in this case. 462 U.S. at 166. In *Cummings*, the six-month statute of limitations was applied again on a §301 claim involving a breach of a collective bargaining agreement. In that case, the Court expressly stated that the question of sophistication affected an unsophisticated Plaintiff in the process of "gather[ing] information about an event and fil[ing] a lawsuit within a narrow time frame." 36 F.3d at 507. In this case, while Plaintiff herself is an "unsophisticated" litigant, she successfully retained an attorney who filed the original complaint against her employer well within the limitations period for the §301 claim at bar against Defendant Local 87 and therefore any sophistication argument under *Cummings* or *DelCostello* is not relevant to this case.

 Plaintiff also argues that Local 87's ability to defend itself will not be prejudiced by her delay in filing, but this is immaterial. *DelCostello* adopted a relatively short statute of limitations out of concern for a federal policy preference for quick resolution of labor disputes, not concern for the union's ability to mount a defense. *DelCostello* at 166-68. Finally, Plaintiff does not argue that the statute

of limitations should be tolled and justification for this cannot be gleaned from the facts. Plaintiff's claim is thus time-barred unless it relates back under FRCP 15(c).

### ii.   RELATION BACK UNDER FRCP 15(C)

Plaintiff's duty of fair representation claim is based on two events (or non-events); the lack of a Union representative when Plaintiff was terminated on June 15, 2015, and the fact that Local 87 declined to pursue her grievance to arbitration on or around October 5, 2015. Plaintiff's cause of action had thus accrued by October 2015, giving her until April 2016 to file suit. Plaintiff's July 19, 2016 Amended Complaint falls outside of that limitations period by nearly four months, while her original November 23, 2015 Complaint is well within it.

Plaintiff's main argument is that her Amended Complaint relates back under FRCP 15(c). FRCP 15(c)(1)(C) states, in relevant part, that :

> [a]n amendment to a pleading relates back to the date of the original pleading when … the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP(c)(1)(B) permits relation back when an "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

Plaintiff argues that she has "asserted essentially the same claim" against both defendants, satisfying Rule 15(c)(1)(B), and that she made a "mistake" not including Local 87 as a defendant in the original Complaint. [17 at 4, 6]. Plaintiff further asserts that Defendant's notice of and actual or constructive knowledge of the instant case, as required under subsections (c)(1)(C)(i) and (ii), is a matter for discovery.

This Court, however, need not address the issue of Defendant's actual or constructive knowledge, as Sixth Circuit precedent clearly states that FRCP 15(c) "allows the correction of misnomers, but not the addition or substitution of new parties after the statute of limitations has expired. … [A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *In re Kent Holland*, 928 F.2d 1448, 1449-50 (internal citations omitted). Plaintiff named one defendant in her original Complaint: Pinnacle Foods, her former employer. She named two defendants in her Amended Complaint: Pinnacle Foods and Local 87. She does not claim that she confused the name of her employer with her Union. This is clearly not a case of misnomer, rather Plaintiff is clearly seeking to add a new defendant, and, thus, a

new claim. Therefore, under Sixth Circuit precedent, the relation back provision of FRCP 15(c) cannot apply. *See e.g. In re Kent Holland*, 928 F.2d at 1449-50. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss the Amended Complaint [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims brought against Defendant Union Local No. 87 is **DISMISSED with prejudice.**

    **SO ORDERED**.

Dated: February 17, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge